IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JACOB A McCOOL                                                                                           PLAINTIFF

V.                        CIVIL ACTION NO. 2:15-CV-2210-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                    DEFENDANT

# **FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for both social security and disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that the matter must be remanded for further development of the record regarding the limitations imposed by the Plaintiff's Lisfranc fracture dislocation with open reduction internal fixation. Specifically, how the Plaintiff's recent diagnosis of pes planus with

valgus alignment of his right foot and collapse of his arch would affect his ability to perform sedentary work. Although the ALJ ordered an orthopedic consultative examination, he failed to request the completion of a medical source statement. On January 2, 2014, prior to the administrative hearing, Plaintiff requested completion of a medical source statement; the ALJ did not order one. The request was raised again by Plaintiff at the hearing and, while the ALJ agreed to do so, no request for an RFC assessment or the completion of a medical source statement was made by the ALJ during the six months between the hearing and decision. Accordingly, the Court finds that absent a medical source statement or an RFC assessment, the record is incomplete with respect to the functionality of the Plaintiff's foot impairment. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ is required to order medical examinations and tests if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled).

Additionally, the Court finds that the matter must be remanded for reconsideration of the RFC assessment. Dr. Honoghiran's consultative examination did not clearly define what impairments the Plaintiff had, nor did it include a RFC assessment or completed medical source form. There are no assessments in the record and no clear evidence of the Plaintiff's ability to perform sedentary work, and specifically to sit for eight hours per work day, nor does the RFC address whether Plaintiff would have to elevate his right foot throughout the work day. Accordingly, the Court finds that the record lacks substantial evidence to support the RFC determination.

The Court finds that remand is necessary to allow the ALJ to obtain a RFC assessment from Dr. Honoghiran, and in addition, to send the Plaintiff to a foot specialist for the purpose of a consultative examination, complete with RFC assessment regarding Plaintiff's foot impairment.

With the additional RFC assessments, the ALJ is directed to reconsider the Plaintiff's RFC and to formulate appropriate hypotheticals for the vocational expert to determine whether there are jobs in significant numbers in the national economy which the Plaintiff could perform.

IT IS SO ORDERED AND ADJUDGED on this the 3rd day of October, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE